UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-0753-WTL-DML |
| ) | |
| JOHNSON YANG d/b/a TOP TECH, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTION TO TRANSFER VENUE

The Plaintiff in this case is a Virginia corporation with its principal place of business in Columbus, Georgia. The Defendant is a California resident who is employed by a company called 101 Tech USA, Inc., which is located in City of Industry, California. The Plaintiff alleges that the Defendant has advertised, distributed and/or sold airsoft guns made to replicate firearms made by the Plaintiff and has used the Plaintiff's trademarks and trade dress in its products, advertisements, and packaging. The Plaintiff's complaint asserts the following claims: common law and statutory trademark infringement; trademark dilution; false designation of origin or sponsorship, false advertising and trade dress infringement; unfair competition; conversion; forgery; counterfeiting; and deception. Pending before the Court is the Defendant's motion to transfer this case to the United States District Court for the Central District of California, Western Division ("Central California"), pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There is no dispute that this case could have been brought in Central California. The

issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be best served. The Plaintiff puts great stock in the fact that the general rule is that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) and other cases). "Rarely, however, is not never." *In re National Presto*, 347 F.3d at 664. For the reasons set forth below, the Court determines that the balance of the relevant factors weighs decidedly in favor of transferring this case to Central California.

In this case, Central California clearly and unequivocally is more convenient for the Defendant; he lives and works within that district and has no regular contact with this one. All of the relevant business records are located in California. While the Plaintiff argues that this district is more convenient for it, it is a convenience of its own making, based not upon its presence here, but rather on the fact that its investigator and attorney are located here. Similarly, while the Defendant has identified several of his anticipated witnesses for whom Central California is imminently more convenient than this district, the Plaintiff counters primarily with the fact that its investigation leading up to the filing of this case took place in Indiana. Again, however, that was the Plaintiff's choice, and therefore it is not entitled to nearly as much weight as it would be if Indiana were inherently more convenient for the Plaintiff than California is. The Plaintiff also points to the fact that some of its evidence will come from Virginia and Georgia, both of which are closer to Indiana than to California. That may be true, but Indianapolis is not quickly or easily reached from either Virginia or Georgia, so the clear convenience that would be gained by the Defendant clearly outweighs the small amount of

increased travel time that might be necessitated if Plaintiff (and its evidence) had to travel to the Los Angeles area instead of to Indianapolis.[1]

The final factor to be considered is the "interest of justice." Relevant to this factor is a comparison of the dockets in this district and Central California. *See In re National Presto*, 347 F.3d at 664. The Plaintiff points to numerous statistics regarding the busy docket of Central California, as well as a 2008 press release from California Senator Dianne Feinstein which notes that Central California "is America's fifteenth-busiest" federal district court which "has not had a new permanent judgeship in 18 years."[2] What the Plaintiff neglects to acknowledge is that while available statistics show that Central California is, indeed, incredibly busy, those same statistics demonstrate that this district is–and has been for some time–even more so. For the twelve-month period ending September 30, 2008, this court ranked 6th in the nation for the number of weighted filings per authorized judgeship (16th for unweighted); Central California ranked 12th (24th for unweighted). *See* http://www.uscourts.gov/judbus2008/appendices/X1ASep08.pdf. These numbers do not take into account the fact that as of this date 40% (two out of five) of the authorized judgeships on this court are vacant, while only 14.3% (four out of 28) of the authorized judgeships are vacant in Central California.[3] Indeed, this district is under a declared "Judicial Emergency" due to its

---

[1]Indeed, the Court notes that in reality there might not be any increased travel time at all, given the fact that direct flights into Los Angeles are generally much easier to come by than direct flights into Indianapolis.

[2]For what it's worth, this district has not had a new permanent judgeship added in over 30 years.

[3]The Court notes that this district is fortunate to have the continued service of Senior Judge McKinney; according to its website, Central California appears to be even more fortunate, as it has nine senior judges still serving on the bench.

heavy caseload, while Central California is not.  *See* http://www.uscourts.gov/judicialvac.cfm.

To paraphrase the Plaintiff's Response Brief:  "These statistics lead to only one conclusion–that litigation of the action in [this district] will only further burden [this district's] resources and delay the process significantly, thereby creating more expense for the parties.  Because the interest of justice is served when litigants are more likely to receive a speedy trial, this Court should [relinquish] jurisdiction."  Plaintiff's Response at 12-13.  This is especially true in light of the fact that this case has virtually no intrinsic relationship with the Southern District of Indiana, but is closely related to Central California, inasmuch as the only Defendant is located there.  Further, as already discussed, the gain in convenience to the Defendant and his witnesses if the case is transferred is far greater than the lost of convenience to the Plaintiff and its witnesses.  Accordingly, the Defendant's motion to transfer is **GRANTED**.

SO ORDERED:  12/11/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Aimee Rivera Cole
SMITH FISHER MAAS & HOWARD
arivera@smithfisher.com

Darlene R. Seymour
dseymour@ce-ip.com

Donna Hilton Fisher
SMITH FISHER MAAS & HOWARD
dfisher@smithfisher.com

Brian J. McGinnis
CONTINENTAL ENTERPRISES
bmcginnis@ce-ip.com

4